HIRAM E. HARTFORD vs. COÖPERATIVE MUTUAL HOMESTEAD
COMPANY.

Middlesex.    Jan. 16. — March 2, 1880.    COLT & LORD, JJ., absent.

A by-law of a coöperative building association provided that, "if any member
wishes to withdraw from the company, he shall give notice in writing to the
clerk of such intention, when the company shall, within one year from the
receipt of such notice, pay to said member the sum of money which he has
paid as instalments and the one hundred dollars which he originally paid for
stock, which certificate of stock he shall deliver to the treasurer." Another
by-law provided that, "if any member wilfully neglects his payments, he shall,
after one year, take what money he has paid to the company as instalments
and for stock, the certificate of which stock he shall surrender to the treasurer."
*Held*, that the two by-laws should be construed together; and that a member,
who had not given notice of his intention to withdraw until within less than a
year before bringing suit, could not maintain an action against the association
for the amount of stock and instalments paid by him.

CONTRACT by a member of a coöperative building association,
to recover back $100 paid in as capital stock and $140 paid as
instalments to the association. The case was submitted to the
Superior Court, and, after judgment for the defendant, to this
court on appeal, on agreed facts, which appear in the opinion.

*G. Stevens & C. H. Conant*, for the plaintiff.

*A. B. Wentworth & S. W. Hatheway*, for the defendant.

MORTON, J.    The plaintiff's right to maintain this action de-
pends upon the construction of the eighth article of. the by-laws
of the defendant corporation. He contends that, by his wilful
neglect to pay his instalments for a year, he, without any notice
to the corporation, had the right to withdraw, and to require it
to pay him the amount of instalments and the capital stock he
had paid in. This claim rests upon a misconstruction of the
by-laws. The seventh article, which is entitled "withdrawals,"
provides that, "if any member wishes to withdraw from the com-
pany, he shall give notice in writing to the clerk of such inten-
tion, when the company shall, within one year from the receipt
of such notice, pay to said member the sum of money which he
has paid as instalments and the one hundred dollars which
he originally paid for stock, which certificate of stock with the
bond of his lot he shall deliver to the treasurer." The eighth
article, which is entitled "non-payments," provides that, "if any

member fails to pay his instalments or rent, or both, for sixty days, it shall be the duty of the treasurer to report the same to the directors, who shall examine his case, and, if he can show good reason why he has not paid the same, then the company may assume his payments until such time as he can pay the same and all arrears that may have accumulated thereon.    But if any member wilfully neglects his payments, he shall, after one year, take what money he has paid to the company as instalments and for stock, the certificate of which stock, with the bond of his lot, he shall surrender to the treasurer."

These by-laws are not skilfully drawn, but, construing the two together, we think the object of the first was to provide a mode in which members might withdraw from the corporation, and the object of the other to provide the mode in which the corporation might deal with a delinquent stockholder, either by carrying his stock for such time as it might see fit, or by requiring him after default for a year to take what money he has paid in and withdraw from the company.    The first provides for a voluntary withdrawal, the other for an involuntary withdrawal or expulsion at the election of the corporation.

Under the eighth article, a stockholder cannot, by his delinquency in neglecting to make his payment, gain the right to recover of the corporation, against its election, the amount of the stock he has paid in.    If he wishes to withdraw, against the consent of the corporation, he must give the notice required by the seventh article.    The plaintiff, having failed to give any notice of his intention to withdraw until within less than a year before the date of his writ, cannot maintain this action.

*Judgment for the defendant.*